IN THE UNITED STATES DISTRICT COURT IN ILLINOIS
NORTHERN DISTRICT- EASTERN DIVISION

| | | |
|---|---|---|
| CHAN XEUNXOM, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| VILLAGE OF ALSIP, a municipal Corporation, DETECTIVE JAMES PORTINCASO, SGT. DETECTIVE RYAN OGANOVICH, DETECTIVE MICHAEL DOLLEAR, and other Unknown sworn law enforcement Officers and employees of the Village of Alsip, | ) ) ) ) ) ) ) ) ) | No. Judge Magistrate |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, CHAN XEUNXOM, by and through his attorney, MICHAEL WALSH, and complaining of Defendants, VILLAGE OF ALSIP, a municipal corporation, DETECTIVE JAMES PORTINCASO, individually, SGT. DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers and employees of the Village of Alsip, individually, states as follows:

## CAUSE OF ACTION

1. This action is brought pursuant to 42 U.S.C. § 1983, the U.S. Constitution, the Laws of the State of Illinois and the Illinois Constitution, et.seq. to redress the deprivation under color of law of Plaintiffs rights as secured by the United States Constitution.

2. Specifically, as a result of the egregious misconduct by law enforcement, Plaintiff, CHAN XEUNXOM, was wrongfully arrested for a crime he did not commit.

3.

3. As a further result of the egregious misconduct by law enforcement, Plaintiff, CHAN XEUNXOM, was permanently and severely injured.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and supplemental jurisdiction as codified in 28 U.S.C. § 1367(a).

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b). All parties in the judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## THE PARTIES

6. The Plaintiff, CHAN XEUNXOM (hereinafter referred to as "CHAN"), was at all relevant times a resident of Cook County, Illinois.

7. The Village of Alsip, Illinois (hereinafter referred to as "ALSIP") was a municipal corporation and body politic located in Cook County, Illinois.

8. That at all times material hereto, DETECTIVE JAMES PORTINCASO, (hereinafter referred to as "PORTINCASO") was an employee of the Village of Alsip, Illinois and acting under color of state law. PORTINCASO is being sued in his individual capacity.

9. That at all times material hereto, SGT. DETECTIVE RYAN OGANOVICH, (hereinafter referred to as "OGANOVICH") was an employee of the Village of Alsip, Illinois and acting under color of state law. OGANOVICH is being sued in his individual capacity.

10. That at all times material hereto, DETECTIVE MICHAEL DOLLEAR, (hereinafter referred to as "DOLLEAR") was an employee of the Village of Alsip,

11.

Illinois and acting under the color of state law. DOLLEAR is being sued in his individual capacity.

11. That at all times material hereto unknown police officers were employees of the Village of Alsip, Illinois and acting under color of state law. Unknown sworn law enforcement officers are sued in their individual capacity.

12. That at all times relevant to this action, each of the named Defendants acted within the scope of his employment, and under color of the laws, regulations and customs of the State of Illinois. Each Defendants' actions constituted "state action" as defined under Federal law.

## INVESTIGATION BY THE ALSIP POLICE DEPARTMENT

13. On June 12, 2010 there was a family party at the home of Steve Martinez, located at 12751 S. Spencer Lane, Alsip, Illinois.

14. Present at the party were Steve Martinez and his wife, Shirley Martinez, Tina Bronkala, Victor Martinez and his wife as well as many other unknown person.

15. At 3:00 am on June 13, 2010, the Plaintiff, CHAN called Tina Bronkala, and told her that he and Luke Aulwurm had just left a bar in Blue Island, Illinois and he wanted to go out with her.

16. Tina Bronkala told the Plaintiff, CHAN that she was attending a family party and invited the Plaintiff, "Chan" and Luke Aulwurm to the party.

17. That when the Plaintiff, CHAN and Luke Aulwurm arrived at the residence.

18. At 4:08 am on June 13, 2010, the PORTINCASO and other unknown Alsip Police officers arrived at the scene.

19. Upon information and belief, Defendant, PORTINCASO, falsely claimed that Steve Martinez state that CHAN had performed oral sex on his brother, Vince Martinez, while he was sleeping.

20. Defendant, PORTINCASE spoke with Vince Martinez. Vince denied that CHAN had performed oral sex on him, or that CHAN had engaged in any inappropriate conduct.

21. Despite knowing that CHAN did not engage in any misconduct PORTINCASO invented the story that Vince Martinez had said that he woke up tto CHAN performing "oral sex" on him.

22. Upon information and belief, Defendant, PORTINCASE, OGANOVICH, and DOLLEAR agreed to falsely arrest and prosecute CHAN based on PORTINCASO'S fabricated story, knowing that the story was false and that CHAN had committed no crime. IN furtherance of that conspiracy, the defendant officers prepared false reports, presented false testimony before a grand jury, and misled the prosecutors into believing that a crime had been committed.

23. Defendant, DOLLEAR interrogated, CHAN, but CHAN denied performing oral sex on Vince Martinez and specifically claimed that he had been sleeping.

24. Based solely on PORTINCASO'S fabricated story, and OGANOVICH and DOLLEAR'S assistance, CHAN, was arrested by the individual defendants and charged with Felony Criminal Sexual Assault and Felony Criminal Sexual Abuse.

25. That Defendant DOLLEAR testified at the Grand Jury on July 7, 2010 where he stated that his investigation showed: that CHAN went into a bedroom occupied by Victory Martinez, that CHAN lowered Victor Martinez pants and began to perform

"oral sex" on the victim, that CHAN placed his mouth on the victim's penis, and that Victory Martinez never consented to the sexual contact.

## BENCH TRIAL

26.	On March 8, 2011 a bench trial was commenced before the Honorable John Hynes in Bridgeview, Cook County, Illinois. Victor Martinez testified that CHAN did NOT perform oral sex on him. Further Victor Martinez testified that he never told any police officer that CHAN had done so.

27.	Defendant PORTINCASO who fabricated the story refused or was "unable" to appear and testify at trial.

28.	That Judge Hynes granted a motion for a directed verdict of not guilty in favor of the Plaintiff CHAN.

## INCARCERATION

29.	As a result of the defendant officer's false and fabricated story and false police reports, CHAN was incarcerated in the Cook County Adult Detention Facility from June 13, 2010 to March 8, 2011 for a total of 268 days based upon the false police reports prepared by the Defendants. CHAN was assigned to Cook County Jail even though he had never been previously charged with any criminal offense. CHAN was confined to a small cell that he shared with another inmate. CHAN was constantly subjected to harassment and threats from other inmates since he was not affiliated with any of the street gangs that operate within the Cook County Jail. For almost one year CHAN lived in terror in the jail.

**COUNT I (False Arrest v. Indivdual Officers-42 U.S.C. § 1983)**

1-29.   Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count 1..

30.   The Defendant Officers arrested CHAN despite knowing that he had not engaged in the conduct alleged.

31.   The Defendant Officers lacked probable cause to arrest CHAN on the basis of the fabricated story.

32.   The Defendant Officers were acting under the color of law as police officers of the Village of Alsip.

33.   One or more of the Officers had knowledge of the misconduct of the other officers, had a reasonable opportunity to intervene to prevent the constitutional violation, but failed to do so.

34.   As a result of the misconduct alleged, CHAN suffered emotional distress, suffered injuries, and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, VILLAGE OF ALSIP a municipal corporation, DETECTIVE JAMES PORTINCASO, individually, SGT. DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, costs, and attorney fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT II

**(Newsome/Brady Due Process Claim v. Officers-42 USC § 1983)**

1-29.     Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count II.

30.     Under 42 U.S.C. § 1983**,** a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

31.     The individual Defendant's conduct violated CHAN's right to due process under the 14th amendment by:

    a.     lying to the prosecution about what witnesses had stated;

    b.     preparing false reports based on fabricated stories invented by the defendant officers, containing false statements by witnesses;

    c.     inventing the only evidence suggesting that a crime had even occurred;

    d.     persuading the prosecutor to seek an indictment based solely on facts invented by the defendant officers;

    e.     falsely testifying before the Grand Jury;

    f.     turning a blind eye to known exculpatory evidence-specifically the fact that Vince Martinez never told the police that the event even occurred; and

    g.     misleading the prosecution as to the evidence against CHAN.

32.     CHAN was prejudiced by the above-described actions of the Defendant Officers because the disclosure of this suppressed exculpatory evidence would have prevented the prosecution from instituting and continuing charges against him.

33.     CHAN did not know that the police had hidden exculpatory evidence from

him and had invented the only evidence suggesting he committed the crime.

34. As a proximate result of the misconduct of the Defendant Officers, CHAN suffered and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT. DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, costs, and attorney fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT III
### (Conspiracy v. Officers)

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count III.

30. As set forth in more detail *supra,* the individual defendants, PORTINCASO, OGANOVICH, DOLLEAR, agreed to have CHAN falsely arrested, imprisoned, to conceal exculpatory evidence and to have him prosecuted for a crime he did not commit.

31. Pursuant to that agreement, Defendants, PORTINCASO, OGANOVICH, DOLLEAR, jointly and individually took steps in furtherance of that conspiracy, including but not fabricating evidence, inventing evidence of a crime, preparing false police reports, presenting false testimony to the grand jury, lying to the prosecutors, inventing the only evidence suggesting that a crime had even occurred, and persuading

the prosecutor to seek an indictment based solely on facts invented by the defendant officers.

32. As a result of this conspiracy, CHAN suffered and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT. DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, costs, and attorney fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT IV (Conspiracy v. Individual Officers-42 U.S.C. § 1985(3))

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count IV.

30. As set forth in more detail *supra,* the individual defendants, PORTINCASO, OGANOVICH, DOLLEAR, agreed to have CHAN falsely arrested, imprisoned, to conceal exculpatory evidence and to have him prosecuted for a crime he did not commit.

31. The defendant officers entered into this conspiracy because of CHAN's homosexual orientation and the defendant officers' animus against homosexuals.

32. Pursuant to that agreement, Defendants, PORTINCASO, OGANOVICH, DOLLEAR, jointly and individually took steps to in furtherance of that conspiracy, including but not fabricating evidence, inventing evidence of a crime, preparing false

police reports, presenting false testimony to the grand jury, lying to the

prosecutors, inventing the only evidence suggesting that a crime had even occurred, and persuading the prosecutor to seek an indictment based solely on facts invented by the defendant officers.

33. As a result of this conspiracy, CHAN was denied equal protection of the laws, and suffered and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT. DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, costs, and attorney fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT V

### (False arrest v. Indvdiual officers-Supplemental State Claim)

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count V.

30. The Defendant Officers arrested CHAN, despite knowing that he had not engaged in the conduct alleged.

31. The Defendant Officers lacked probable cause to arrest CHAN on the basis of the fabricated story.

32. The Defendant Officers were acting in the scope of their employment as police officers of the Village of Alsip.

33. As a result of the misconduct alleged, CHAN suffered severe emotional distress, suffered injuries, and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT.DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, punitive damages and costs as well as any other relief this Court deems just and appropriate.

## COUNT VI
### (False Imprisonment State Claim)

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count VI.

30. The Defendant Officers imprisoned CHAN for a crime he did not commit, knowing that CHAN had not committed any crime, and lacking probable cause to believe that he had committed any crime.

31. The Defendant Officers invented the only evidence suggesting that CHAN had committed a crime.

32. As a result of the Defendant officers' misconduct, CHAN was imprisoned for 268 days in the Cook County Jail, where CHAN lived in a constant state of terror.

33. As a result of the misconduct alleged, CHAN suffered severe emotional distress, suffered injuries, and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT.DETECTIVE RYAN OGANOVICH, individually,

DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, punitive damages and costs as well as any other relief this Court deems just and appropriate.

**COUNT VII**
**Malicious Prosecution-State Claim)**

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count VI.

30. The Defendant Officers commenced and continued CHAN's prosecution for a crime he did not commit, while knowing that CHAN had not committed any crime, and lacking probable cause to believe that he had committed any crime, and the case was resolved in favor of CHAN.

31. The individual Defendants' commenced and continued CHAN's prosecution by:

    a. lying to the prosecution about what witnesses had stated;

    b. preparing false reports based on fabricated stories invented by the defendant officers, containing false statements by witnesses;

    c. inventing the only evidence suggesting that a crime had even occurred;

    d. persuading the prosecutor to seek an indictment based solely on facts invented by the defendant officers;

    e. falsely testifying before the Grand Jury;

    f. turning a blind eye to known exculpatory evidence—specifically the fact that Vince Martinez never told the police that the event

even occurred; and

    g.    misleading the prosecution as to the evidence against CHAN.

32.    The Defendant officer's actions were motivated by malice, including but not limited to their animus against homosexuals like CHAN.

33.    The prosecution was terminated in a manner indicative of CHAN's innocence when Judge Hynes granted a directed verdict of not guilty.

34.    As a result of the malicious prosecution, CHAN suffered actual and special damages, including but not limited to, being imprisoned for 268 days, enduring terror in the Cook County Jail, and being subjected to a prosecution which was completely unsupported by any evidence.

35.    As a proximate result of the misconduct of the Defendant officers, CHAN suffered and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT.DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, costs, and attorney fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT VIII
**(Intentional infliction of Emotional Distress)**

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count VIII.

30. The conduct of the individual officers in fabricating the only evidence that a crime had occurred, falsely arresting CHAN, falsely imprisoning CHAN, lying to the prosecutor in order to seek CHAN's prosecution, falsely testifying to the grand jury, as well as other misconduct described above is extreme and outrageous conduct.

31. The individual officers intentionally engaged in this extreme and outrageous conduct or did so with reckless disregard for whether it might cause CHAN emotional distress.

32. As a result of the misconduct alleged above, CHAN suffered severe emotional distress, effectively living in terror as a homosexual man in the Cook County Jail for 268 days.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT.DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, punitive damages and costs as well as any other relief this Court deems just and appropriate.

### COUNT IX
### (Conspiracy v. Individual Officers-State Law Claim)

1-29. Plaintiff CHAN realleges, restates and incorporates by reference paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count VIII.

30. As set forth in more detail *supra,* the individual defendants, PORTINCASO, OGANOVICH, DOLLEAR, agreed to have CHAN falsely arrested,

imprisoned, to conceal exculpatory evidence and to have him prosecuted for a crime he did not commit.

31. Pursuant to that agreement, Defendants, PORTINCASO, OGANOVICH, DOLLEAR, jointly and individually took steps in furtherance of that conspiracy,

including but not fabricating evidence, inventing evidence of a crime, preparing false police reports, presenting false testimony to the grand jury, lying to the prosecutors, inventing the only evidence suggesting that a crime had even occurred, and persuading the prosecutor to seek an indictment based solely on facts invented by the defendant officers.

32. As a result of the misconduct alleged, CHAN suffered severe emotional distress, suffered injuries, and continues to suffer injuries.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendants, DETECTIVE JAMES PORTINCASO, individually, SGT.DETECTIVE RYAN OGANOVICH, individually, DETECTIVE MICHAEL DOLLEAR, individually, and unknown sworn law enforcement officers employees of the Village of Alsip, individually, awarding compensatory damages, punitive damages and costs as well as any other relief this Court deems just and appropriate.

### COUNT X (Respondeat Superior v. Village of Alsip- State Law Claim)

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count IX.

30. At all material times, the Village of Alsip employed PORTINCASO

OGANOVICH, and DOLLEAR as police officers.

31. At all material times, PORTINCASO, OGANOVICH, and DOLLEAR acted within their scope of employment for the Village of Alsip.

32. As the principal for PORTINCASO, OGANOVICH, and DOLLEAR, the Village of Alsip is liable for their violations of state law under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendant, VILLAGE OF ALSIP, awarding compensatory damages, and costs as well as any other relief this Court deems just and appropriate.

### COUNT XI (Indemnification v. Village of Alsip- State Law Claim)

1-29. Plaintiff CHAN realleges, restates and incorporates by reference, paragraphs 1-29 of this Complaint at Law as and for paragraphs 1-29 of Count IX.

30. At all material times, the Village of Alsip employed PORTINCASO, OGANOVICH, and DOLLEAR as police officers.

31. At all material times, PORTINCASO, OGANOVICH, and DOLLEAR acted within their scope of employment for the Village of Alsip.

32. Pursuant to 745 ILCS 10/9-102, the Village of Alsip is empowered and directed to pay any judgment, including attorneys fees, entered against its employees, except for punitive damages.

WHEREFORE, Plaintiff, CHAN XEUNXOM, respectfully requests this Court to enter judgment in his favor and against Defendant, VILLAGE OF ALSIP, awarding compensatory damages, attorneys' fees and costs as well as any other relief

this Court deems just and appropriate.

                 Respectfully submitted,


                 **S/ MICHAEL D. WALSH**

                 431 S. Dearborn-Suite 304
                 Chicago, IL 60605
                 312-986-1221
                 Walshlawoffice@comcast.net


                 **S/ MICHAEL J. BRENNAN**

                 16521 S. 106th Court
                 Orland Park, IL 60467
                 708-460-9300
                 Mbrennan@mjblawoffices.com