IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAN XEUNXOM,

                Plaintiff,

     v.

VILLAGE OF ALSIP, a Municipal
Corporation, DETECTIVE JAMES
PORTINCASO, SGT. DETECTIVE
RYAN OGANOVICH, DETECTIVE
MICHAEL DOLLEAR, and Other
Unknown Sworn Law Enforcement
Officers and Employees of the
Village of Alsip,

                Defendants.

Case No. 11 C 3990

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

The Plaintiff, Chan Xeunxom (hereinafter, "Chan"), has filed a Complaint consisting of 11 counts, including both federal and state law claims, against three police officers and the City of Alsip.  The officers are Detective James Portincaso, Sargent Detective Ryan Oganovich, and Detective Michael Dollear.  The gravamen of each of the counts lies with Chan's contention that the Defendants fabricated a claim that Chan committed the crimes of Felony Criminal Sexual Assault and Felony Sexual Abuse on an individual, Vince Martinez.  As a result Chan was detained for a total of 268 days prior to being acquitted after a state court

bench trial. Since, according to the Complaint, the charges were entirely fabricated, the Defendants had no probable cause to arrest Chan. His federal claims include false arrest, due process violation, and conspiracy. His supplemental state law claims include conspiracy, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. The Village of Alsip is sued under *respondent superior*. The Defendants have filed a Motion to Dismiss supported by the trial transcript of the criminal proceeding. It is clear that all of his claims stem from the allegation that probable cause was lacking due to fabrication of the sex charges by the Defendant police officers.

## II. <u>THE STATE OF THE RECORD</u>

The initial issue to be taken up for this Motion is whether in deciding this motion the Court can consider the state court transcript without turning the case into one for summary judgment. The Defendants contend that the Court can, citing *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997). However, this case stands for the proposition that a "court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and

- 2 -

ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Quoting FED. R. EVID. 201(b).)

After reviewing the transcript it is clear that there was no adjudicative finding at the trial involving the issue of probable cause. Thus it would seem that the case at this juncture normally could not be resolved on a motion to dismiss and would have to be converted into a motion for summary judgment. However, Chan does not appear to be objecting to the use of the transcript. In fact Chan also uses the transcript in an attempt to defeat the motion by arguing that the trial transcript shows that the criminal investigation was very deficient and had it been reasonably carried out Chan would not have been charged at all. (Pl.'s Response Brief, page 2).

What is made abundantly clear from the transcript is that the Complaint's central allegation that Vince Martinez denied that he was sexually attacked by Chan and the officers completely fabricated the charge is simply not true. Vince clearly testified at the trial that he believed that he had been sexually attacked by Chan while he was asleep and that he immediately complained to his brother Steve about the attack, who in turn notified the police. Chan in his response brief does not take issue with this interpretation of the transcript but instead points to the evidentiary shortcomings of the state's case which resulted in the defense verdict.

- 3 -

Vince obviously believed he had been a victim of an inappropriate sexual attack and not only complained to the Defendant police but had to be restrained by them from attacking Chan. The police obviously gave credence to Steve's and Vince's charge which was variously described as "oral sex" and a "blow job." The government admitted in the closing argument that Vince did not actually see the Chan's mouth on his penis but instead argued that the circumstantial evidence was sufficient to prove the case: Vince awoke seeing Chan hovering over him, finding his penis out of his pants, and feeling wet in that area. The judge, in deciding in favor of Chan, found that, although Vince believed something had happened to him that evening, there were too many inconsistences between what he told the police and what he remembered about the incident at the time of trial, which was very little. One of the main points made by the judge was that while Vince told the police that he saw the defendant "giving him a blow job and giving him oral sex," his testimony at the trial was inconsistent, in that he could not recall actually seeing Chan's mouth on him.

It is obvious when one considers what was told to the police by Vince and Steve that none of the Defendants "fabricated" the charges leveled against Chan. The key allegations in Chan's Complaint are contained in Paragraphs 19, 20 and 21, where Chan alleges that "the Defendant Portincaso [one of the arresting

- 4 -

officers] falsely claimed that Steve Martinez state *[sic]* that CHAN had performed oral sex on his brother, Vince Matinez, while he was sleeping." (Paragraph 19)  "Defendant, Portincaso spoke with Vince Martinez.  Vince denied that CHAN had performed oral sex on him, or that CHAN had engaged in any inappropriate conduct." (Paragraph 20).  "Despite knowing that CHAN did not engage in any misconduct Portincaso invented the story that Vince Martinez had said that he woke up to CHAN performing oral sex' on him." (Paragraph 21).  Further in Paragraph 23, Chan alleges that "Defendant Dollear interrogated CHAN, but CHAN denied performing oral sex on Vince Martinez and specifically claimed that he had been sleeping." However, the trial transcript shows that when asked about  the incident in the bedroom Chan declined to speak with Officer Dollear without an attorney present.

### III.  **DISCUSSION**

Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution, even where the officers act with a malicious motive.  *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997).  Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information to warrant a prudent person in

believing that the suspect and committed an offense. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Further, *Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006) stands for the proposition that a police officer may rely upon allegations by eye witnesses which if true would show that a crime had occurred, as a result can make an arrest, and need not conduct an investigation, leaving it to prosecutors and the courts to determine who is telling the truth. The two qualifications to this principle are where police know that the accuser may harbor a grudge against the accused or where it is doubtful that the allegations, even if true, constitute a crime. Here the allegations, if true, constituted a crime and there are no allegations that any of the Defendant officers had any knowledge of a grudge that either of the Martinez brothers held toward the Chan. In fact, the Complaint tends to indicate the absence of a grudge. Chan was a guest of the niece of the Martinez brothers who had not met him prior to that evening. Further there are no allegations that any of the Defendant police officers had a motive which might cause him to fabricate serious criminal allegations against Chan.

Since, as pointed out above, the gravamen of each of the eleven counts relies on the allegation that the charges against Chan were complete fabrications upon the part of the Defendants in order to show a lack of probable cause, and because the record

shows that the allegations came from the alleged victim and were not fabricated, probable cause has been shown to exist. Therefore, all of the Chan's constitutional claims must fall out. *Mustafa* at 547. This also includes the count for civil conspiracy because an element of a Section 1983 civil conspiracy is an agreement among Defendants to deprive a plaintiff of his constitutional rights. *Scherer v. Malkema*, 840 F.2d 437, 442 (7th Cir. 1988). Similarly to establish a case of state law false arrest or false imprisonment, a plaintiff must establish that he was restrained by the Defendants and that they acted without probable cause. *Boyd v. City of Chicago*, 880 N.E. 2d 1033, 1044 (Ill App. 1 Dist. 2007). The final count that merits discussion is the state law claim of Intentional Infliction of Emotional Distress. The claim here is twofold: that Chan suffered emotional distress due to the Defendants fabricating the charges which caused Chan's arrest, and the Defendants did not do a proper follow-up investigation which prevented Chan from being exonerated. However the record before the Court does not indicate that the charge was fabricated and officers have no duty, once an arrest is made with probable cause, to conduct an additional investigation. *Askew*, 440 F.3d at 896. The fact that a defendant (here Chan) had to wait an inordinately long time to obtain an acquittal (268 days) is a shame but there are

procedures to obtain a speedy trial and this delay cannot be laid on the Defendants.

Since the record does show that the arrest of Chan was with probable cause all of the counts of the Complaint are dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is granted. All Counts of Plaintiff's Complaint are dismissed with prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 7/19/2012